OPINION
{¶ 1} Appellant Joyce Hayes ("mother") appeals the August 6, 2004 Judgment Entry entered by the Stark County Court of Common Pleas, Juvenile Division, which terminated her parental rights, privileges, and responsibilities with respect to her two minor children, and granted permanent custody of the children to appellee the Stark County Department of Job and Family Services ("the department").[1]
 STATEMENT OF THE CASE AND FACTS {¶ 2} On June 6, 2002, the department filed a Complaint for Dependency and Neglect relative to mother's minor children, Stephen Hayes (DOB 7/22/94) and Jennell Reichenbach (DOB 3/27/00). The trial court placed the children in the temporary custody of the department. On August 23, 2002, the trial court adjudicated the children dependent and neglected, and continued temporary custody with the department. Stephen was placed in foster care, and Jennell was placed with a relative.
 {¶ 3} On May 6, 2003, the trial court adopted a case plan. Pursuant to the case plan, mother was required to maintain stable housing and employment, undergo substance abuse evaluations and follow all recommended treatment, undergo mental health evaluation and follow all recommendations, and attend a domestic violence program. On October 30, 2003, the trial court extended temporary custody of the children with the department until June 5, 2004. The department filed a Motion for Permanent Custody on May 4, 2004. The trial court conducted a hearing on the motion on July 20, 2004.
 {¶ 4} At the hearing, Cheri Vandeborne, the ongoing family service worker assigned to the case, testified the children had been in the temporary custody of the department for a period of time greater than 12 of the last 22 months. Vandeborne noted the trial court had conducted regular reviews of the matter. On cross-examination, Vandeborne testified mother visited regularly with the children over the past year, however, prior to that, her visitation was sporadic. Vandeborne stated mother had been compliant with all aspect of her case plan except for her urine drops and attendance at Quest. Although mother was required to make three urine drops a week, Vandeborne noted mother was only making one drop a week. Although Vandeborne acknowledged mother had been employed throughout the life of the case, she stated such employment had been very, very sporadic.
 {¶ 5} Upon the conclusion of Vandeborne's testimony, the trial court found the department had proven the children had been out of mother's home and in the department's temporary custody for greater than 12 of the last 22 months. Counsel for mother had no evidence to present as to this finding. The hearing proceeded to the best interest phase.
 {¶ 6} Vandeborne testified neither child has any behavioral or medical problems. She testified the children were currently placed in a foster to adopt home and were placed together. Prior to April, 2004, the children had been in different placements. Stephen was moved to the current placement in March, 2004, and Jennell was moved in April, 2004. Vandeborne noted the interaction between the children and the foster parents is very good. She explained the children would benefit from adoption because of their need for consistency with discipline, support and supervision. Vandeborne explained mother could not meet the needs of the children due to her inability to maintain employment for any period of time and her failure to obtain suitable housing. Vandeborne noted mother had only recently obtained appropriate housing, and had moved four or five times during the pendency of the action. Vandeborne further expressed concerns about mother's drug usage.
 {¶ 7} On cross-examination, counsel for mother attempted to question Vandeborne regarding mother's compliance with the case plan. The department objected to the line of questioning, arguing such was not relevant to the best interest phase of the hearing. The trial court sustained the objection. However, the trial court allowed mother's counsel to question Vandeborne regarding mother's urine drops.
 {¶ 8} Appellant presented the testimony of her landlord, Guy Wallace. Wallace testified he and mother have a verbal agreement for the rental of a mobile home. Wallace noted he is at the home frequently and it is well kept. Wallace further testified he had never had any problems with mother.
 {¶ 9} Richard Chenevey testified he is a therapist at Trillium Family Solution, formally known as Family Services, Inc. Chenevey testified he is a board certified diplomat in clinical social work and a certified chemical dependency counselor. He testified he had been counseling mother since August, 2002. The department objected to mother's counsel's line of questions with respect to mother's reasons for undergoing therapy, and whether Chenevey had seen any improvements in mother over the past several years. The trial court sustained the objection, finding the line of questioning did not pertain to the best interest phase of the hearing. Mother's counsel did not question Chenevey any further.
 {¶ 10} Mother testified on her own behalf. Mother stated although she is not currently employed, she is working with the department to find a job. Mother's last employment was in May, 2004, through a temporary agency. The department again objected to the line of questioning, arguing it was irrelevant to the best interest phase. The trial court sustained the objection. Mother repeatedly stated her love for her children, and requested the trial court let her be their mother. Mother acknowledged she had used marijuana and cocaine in March, 2004, but noted those instances were the first time in at least four or five months she had used illegal substances. The parties presented closing arguments. The trial court took the matter under advisement. Via Judgment Entry filed August 6, 2004, the trial court terminated mother's parental rights, privileges, and responsibilities with respect to the children. The trial court specifically found the children had remained in the temporary custody of the department for greater than 12 months within the last 22 months, and it was in the children's best interest to grant permanent custody to the department. The trial court also issued findings of fact and conclusions of law.
 {¶ 11} It is from this judgment entry mother appeals, raising the following assignments of error:
 {¶ 12} "I. Appellant was denied the effective assistance of counsel in violation of the Sixth Amendment at the hearing to determine permanent custody of her two minor children.
 {¶ 13} "II. The trial court abused its discretion by failing to permit appellant to introduce evidence relevant to the determination of the best interest of her minor children.
 {¶ 14} "III. The judgment of the trial court that the best interests of the minor children would be served by the granting of permanent custody to SCDJFS is against the manifest weight and sufficiency of the evidence."
 {¶ 15} This appeal is expedited and is being considered pursuant to App. R. 11.2.
 I {¶ 16} In her first assignment of error, mother raises an effective assistance of counsel claim.
 {¶ 17} The standard of review of an ineffective assistance of counsel claim is wellestablished. Pursuant to Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064,80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 18} In determining whether counsel=s representation fell below an objective standard of reasonableness, judicial scrutiny of counsel=s performance must be highly deferential. Bradley,42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel=s conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 19} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel=s ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel=s unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
 {¶ 20} Mother maintains trial counsel was ineffective for failing to present rebuttal evidence during the first phase of the permanent custody hearing, and for attempting to introduce evidence relative to the first phase of the hearing during the best interest phase of the hearing.
 {¶ 21} R.C. 2151.414(B)(1) addresses under what circumstances a trial court may grant permanent custody. This statute provides as follows:
 {¶ 22} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 23} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 24} "(b) The child is abandoned.
 {¶ 25} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 26} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 27} In the instant case, the trial court found the children had been in the temporary custody of the department for more than 12 out of the last 22 months pursuant to R.C.2151.414(B)(1)(d). Accordingly, the trial court was not required to make a finding the children could not be returned within a reasonable time, and appropriately proceeded to the best interest portion of the hearing. The trial court's finding was supported by the testimony of Cheri Vandeborne, the ongoing social worker, who testified the children had been placed in the temporary custody of the department on June 6, 2002, and had been in the continuous custody of the department since that time. Because the department was not required to present evidence regarding whether the children could be returned within a reasonable amount of time, mother was not prejudiced under prong two of theStrickland test by counsel's failure to present evidence of her compliance of the case plan objectives.
 {¶ 28} Mother's first assignment of error is overruled.
 II {¶ 29} In her second assignment of error, mother maintains the trial court abused its discretion in failing to allow her to introduce evidence regarding her compliance with the case plan during the best interest portion of the permanent custody hearing.
 {¶ 30} R.C. 2151.414(D) sets forth the factors a court must consider in determining the best interest of the children: (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child; (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999; (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency; (5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
 {¶ 31} During the best interest phase of the hearing, the trial court heard testimony from Vandeborne, mother's landlord, and mother herself. Vandeborne testified both children are Caucasian, and do not appear to have any significant developmental delays, medical concerns, or behavior problems. She noted the children are placed together in a foster home and have been there since April, 2004. The foster parents are willing to adopt the children, and the children have adapted well to their home. Vandeborne cited consistency as a major concern for the children. She emphasized mother's inability to maintain stable employment and housing. She further expressed concerns regarding the children's mental well being with respect to visitation. She noted Stephen was old enough to know when mother did not come to visits. Vandeborne further stated the children needed consistency and needed to know there was someone upon whom they could rely. Vandeborne acknowledged mother greeted the children at the visits and was not inappropriate during the visits. She opined the benefits of giving the children permanency and stability outweighed any harm that might be caused by the termination of mother's parental relationship.
 {¶ 32} Mother's landlord testified he had an oral agreement with mother for her to rent his trailer. He stated he had no problems with mother or her boyfriend, and the residence was well kept.
 {¶ 33} Mother acknowledged she had not worked since May, 2004. She confessed she used marijuana and cocaine in March, 2004. She explained she stopped attending Quest Recovery Services for drug treatment because her new residence was not on a bus line.
 {¶ 34} Mother attempted to call her therapist, Richard Chenevey, to show the progress she has made over the period of the case. The trial court sustained the department's objections to Chenevey's testimony, finding such was irrelevant to the best interest phase of the hearing. Counsel for mother dismissed the witness after a series of objections were sustained. Counsel did not proffer Chenevey's testimony.
 {¶ 35} Upon review of the entire record in this matter, we find the trial court did not abuse its discretion in sustaining the department's objections to certain questions posed by mother's counsel to Chenevey as being irrelevant to the best interest phase of the hearing.
 {¶ 36} Mother's second assignment of error is overruled.
 III {¶ 37} In her final assignment of error, mother argues the trial court's finding it was in the best interest of the children to grant permanent custody to the department is against the manifest weight and sufficiency of the evidence.
 {¶ 38} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279.
 {¶ 39} A review of the evidence reveals the children are currently with foster parents who are willing to adopt both of them. The children have been in the foster home since March, and April, 2004, and were adapting well to the environment. The children are both caucasian, and neither suffers from any physical, psychological, or developmental problems. The case worker testified she believed permanent custody was within the best interest of the children because of their need for consistency, which mother fails to provide. Further, in her report to the court, the guardian ad litem opined permanent custody was in the best interest of the children.[2]
 {¶ 40} We have reviewed the record and find there was sufficient, competent and credible evidence upon which the trial court could find it was in the best interest of the children to grant permanent custody to the department.
 {¶ 41} Mother's third assignment of error is overruled.
 {¶ 42} The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
Hoffman, PJ., Wise, J. concur.
Edwards, J. concurs separately.
[1] The alleged fathers of the children are not parties to this appeal.
[2] Neither party requested an opportunity to question the guardian ad litem.