OPINION
{¶ 1} Appellant Samantha Langford appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, that terminated her parental rights and granted Appellee Stark County Department of Job and Family Services' ("agency") motion for permanent custody. The following facts give rise to this appeal.
 {¶ 2} On February 8, 2002, the agency filed a complaint alleging appellant's two minor children were dependent, neglected and abused. The trial court found both children to be neglected on April 3, 2002. On this same day, the trial court awarded temporary custody of the children, to their mother, subject to an order of protective supervision to the agency. However, on May 16, 2002, the trial court placed both children in the temporary custody of the agency.
 {¶ 3} Following the children's removal from appellant's custody, the trial court conducted review hearings on October 11, 2002; December 4, 2002; April 10, 2003, May 7, 2003; September 29, 2003; October 22, 2003; and March 26, 2004. At each review hearing, the trial court determined the agency used reasonable efforts to finalize the permanency plan and that it was not in the best interest of the children to be returned to appellant's custody.
 {¶ 4} Thereafter, on October 20, 2003, the agency filed a motion for permanent custody. After three hearings on the agency's motion, on October 19, 2004, the trial court granted the agency's motion and terminated appellant's parental rights. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 5} "I. The Judgment of the trial court that the minor children cannot or should not be placed with appellant is against the manifest weight and sufficiency of the evidence.
 {¶ 6} "II. The Judgment of the trial court that the best interests of the minor children would be served by granting permanent custody to scdjfs is against the sufficiency and manifest weight of the evidence.
 {¶ 7} "III. Appellant was deprived of her United States and Ohio constitutional rights to a fair trial due to the ineffective Assistance of Counsel."
 I {¶ 8} In her First Assignment of Error, appellant contends the judgment of the trial court that the minor children cannot or should not be placed with her is against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 9} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 10} R.C. 2151.414(B)(1) addresses under what circumstances a trial court may grant permanent custody. This statute provides as follows:
 {¶ 11} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 12} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 13} "(b) The child is abandoned.
 {¶ 14} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 15} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 16} In the case sub judice, under R.C. 2151.414(B)(1)(d), the trial court found that the children had been in the temporary custody of the agency for twelve of the past consecutive twenty-two months, and therefore, it was in the best interest of the children to be in the permanent custody of the agency. Judgment Entry, Oct. 19, 2004, at 1. Findings of Fact and Conclusions of Law, Oct. 19, 2004, at 6.
 {¶ 17} Appellant claims the trial court's judgment that the children cannot or should not be placed with appellant is against the manifest weight of the evidence. However, the trial court did not make a finding under R.C. 2151.414(B)(1)(a), which is an alternate finding under R.C.2151.414(B)(1). Instead, as noted above, the trial court made its finding pursuant to R.C. 2151.414(B)(1)(d). Appellant does not challenge the trial court's finding under R.C. 2151.414(B)(1)(d). Further, since findings under R.C. 2151.414(B)(1)(a) and R.C. 2151.414(B)(1)(d) are alternative findings, each is independently sufficient to use as a basis to grant the Agency's motion for permanent custody. See In re Whipple Children, Stark App. No. 2002CA00406, 2003-Ohio-1101, at ¶ 26.
 {¶ 18} Since appellant does not set forth an argument pertaining to the trial court's finding under R.C. 2151.414(B)(1)(d), we conclude the trial court's finding, with regard to this issue, is not against the manifest weight or sufficiency of the evidence.
 {¶ 19} Appellant's First Assignment of Error is overruled.
 II {¶ 20} In her Second Assignment of Error, appellant contends the judgment of the trial court that the best interests of the children would be served by granting permanent custody to the agency is against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 21} "(D) In determining the best interests of a child * * *, the court shall consider all relevant factors, including, but not limited to, the following:
 {¶ 22} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 23} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 24} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 25} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 26} "(5) Whether any of the factors in division (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 27} Divisions (E)(7) to (11) of R.C. 2151.414 state as follows:
 {¶ 28} "(7) The parent has been convicted of or pleaded guilty to [certain enumerated offenses] * * *.
 {¶ 29} "(8) The parent has repeatedly withheld medical treatment or food from the child * * *.
 {¶ 30} "(9) The parent has placed the child at substantial risk of harm two or more times due to alcohol or drug abuse and has rejected treatment two or more times or refused to participate in further treatment two or more times after a case plan issued pursuant to section2151.412 of the Revised Code requiring treatment of the parent was journalized as part of a dispositional order issued with respect to the child or an order was issued by any other court requiring treatment of the parent.
 {¶ 31} "(10) The parent has abandoned the child.
 {¶ 32} "(11) The parent has had parental rights involuntarily terminated * * * with respect to a sibling of the child."
 {¶ 33} The testimony presented, in the case sub judice, demonstrates the trial court's findings are supported by the sufficiency of the evidence and are not against the manifest weight of the evidence. In the best interest portion of the hearing, the on-going case worker, Ms. Sue Snyder, testified that appellant often had a difficult time supervising the children during visitation and her bond with Jasmina is very strained. Tr. at 55. Further, Ms. Snyder testified that Jasmina has refused to attend visits during the last several months and becomes sullen and withdrawn after visiting appellant. Id. Also, appellant did not attend the visit the week of trial. Id. The guardian-ad-litem submitted a written report in which she recommended the court grant the agency's motion for permanent custody as being in the best interests of the children.
 {¶ 34} Based upon this testimony, we conclude there was competent, credible evidence upon which the trial court could find that it was in the children's best interests for permanent custody to be granted to the agency. The trial court's decision is supported by the sufficiency of the evidence.
 {¶ 35} Appellant's Second Assignment of Error is overruled.
 III {¶ 36} Appellant maintains, in her Third Assignment of Error, she was deprived her right to a fair trial due to the ineffective assistance of counsel. We disagree.
 {¶ 37} In support of this assignment of error, appellant claims counsel was ineffective because he failed to present evidence regarding appellant's compliance with the case plan. Specifically, appellant's continuing participation with the programs at Nova and appellant's attempt to get an appointment with Dr. Bello. Appellant argues that presentation of this evidence would have convinced the trial court that she substantially complied with the case plan and that it was in the best interests of the children to have them placed in her custody.
 {¶ 38} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668;State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 39} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 40} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter, 72 Ohio St.3d 545, 558, 1995-Ohio-104, citingLockhart v. Fretwell (1993), 506 U.S. 364, 370.
 {¶ 41} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, quotingStrickland at 697. Accordingly, we will direct our attention to the second prong of the Strickland test concerning prejudice.
 {¶ 42} As noted in appellant's First Assignment of Error, in the case sub judice, the trial court found the children had been in the temporary custody of the agency for more than twelve of the last twenty-two months pursuant to R.C. 2151.414(B)(1)(d). As such, the trial court was not required to make a finding that the children could not be returned within a reasonable time and appropriately proceeded to the best interest portion of the hearing.
 {¶ 43} Because the trial court made a finding pursuant to R.C.2151.414(B)(1)(d), the agency was not required to present evidence regarding whether the children could be returned within a reasonable amount of time. Therefore, appellant was not prejudiced under the second prong of the Strickland test by counsel's failure to present evidence of her compliance with the case plan objectives. See In re Hayes/ReichenbachChildren (Dec. 13, 2004), Stark App. No. 2004CA00278, 2004-Ohio-6751, at ¶ 27.
 {¶ 44} Appellant's Third Assignment of Error is overruled.
 {¶ 45} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
By: Wise, J.
Boggins, P.J., concurs.
Edwards, J., concurs separately.