OPINION
{¶ 1} Appellant Kimberly Butcher appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, that terminated her parental rights and granted Appellee Stark County Department of Job and Family Services' ("SCDJFS") motions for permanent custody. The following facts give rise to this appeal.
 {¶ 2} This matter initially commenced on September 9, 2003, when SCDJFS filed a complaint alleging neglect and/or dependency and seeking protective supervision of Selena Canterucci. Neither parent appeared for the emergency shelter care hearing and the trial court placed Selena in the temporary custody of SCDJFS. The trial court conducted a pretrial on October 6, 2003. Appellant appeared at the pretrial and requested appointed counsel to represent her in this matter. The trial court scheduled an evidentiary hearing for November 6, 2003. At the evidentiary hearing, appellant stipulated to dependency. The parties reached an agreement, which was approved by the trial court, to place Selena in a planned permanent living arrangement to allow for one last attempt at reunification.
 {¶ 3} The case involving appellant's youngest daughter, Angel Canterucci, commenced on January 8, 2004, two days after her birth. SCDJFS filed a complaint alleging neglect and/or dependency. SCDJFS sought temporary custody of Angel. The trial court conducted a shelter care hearing on January 8, 2004, at which neither parent appeared. The trial court granted a one-day continuance of this hearing and thereafter, placed Angel in the temporary custody of SCDJFS. Subsequently, SCDJFS filed a request for extension of temporary custody on May 27, 2005. SCDJFS followed this request with an amended motion requesting permanent custody on July 25, 2005.
 {¶ 4} The parties appeared for a permanent custody hearing on September 6, 2005. At this hearing, the parties reached an agreement, which was approved by the trial court, to extend temporary custody, as to Angel, to allow for a final attempt at reunification. Three months later, on December 5, 2005, SCDJFS filed a second motion for permanent custody as to Selena. The permanent custody hearing commenced on January 16, 2006, with the second day of trial concluding on April 5, 2006.
 {¶ 5} On May 1, 2006, the trial court filed its judgment entry and written findings of fact and conclusions of law terminating appellant's parental rights and granting permanent custody of Selena and Angel to SCDJFS. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 6} "I. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 {¶ 7} "II. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 I {¶ 8} In her First Assignment of Error, appellant maintains the trial court's finding that the children cannot or should not be placed with her within a reasonable time is against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 9} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment.Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978),54 Ohio St.2d 279, syllabus.
 {¶ 10} R.C. 2151.414(B)(1) addresses under what circumstances a trial court may grant permanent custody. This statute provides as follows:
 {¶ 11} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 12} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 13} "(b) The child is abandoned.
 {¶ 14} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 15} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 16} In the case sub judice, pursuant to R.C.2151.414(B)(1)(d), the trial court found that both of the children have been in the temporary custody of SCDJFS for a period in excess of the prior two years and that the children have been in the temporary custody of SCDJFS for a period of time in excess of twelve of the prior twenty-two consecutive months. Findings of Fact and Conclusions of Law, May 1, 2006, at 6, ¶ 3. The trial court further stated, pursuant to R.C.2151.414(B)(1)(a), the children cannot and/or should not be placed with either parent at this time or in the foreseeable future. Id. at 7, ¶ 12.
 {¶ 17} Appellant claims the trial court's judgment that the children cannot or should not be placed with her is against the manifest weight of the evidence. Although the trial court made a finding pursuant to R.C. 2151.414(B)(1)(a), this subsection is not applicable to the case sub judice. Under subsection (B)(1)(a), the child must not have been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999. In the matter currently before the court, the trial court specifically found that the children had been in the temporary custody of SCDJFS for a period in excess of twelve of the prior twenty-two consecutive months.
 {¶ 18} Accordingly, we agree with the trial court's finding that R.C. 2151.414(B)(1)(d) is applicable to the facts of this case. Appellant does not challenge the trial court's finding under R.C. 2151.414(B)(1)(d). Further, since findings under R.C.2151.414(B)(1)(a) and R.C. 2151.414(B)(1)(d) are alternative findings, each is independently sufficient to use as a basis to grant SCDJFS's motion for permanent custody. In re LangfordChildren, Stark App. No. 2004CA00349, 2005-Ohio-2304, at ¶ 17. We conclude the trial court's finding with regard to this issue is not against the manifest weight or sufficiency of the evidence.
 {¶ 19} Appellant's First Assignment of Error is overruled.
 II {¶ 20} Appellant contends, in her Second Assignment of Error, the trial court's finding that the best interests of the children would be served by the granting of permanent custody to SCDJFS was against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 21} "(D) In determining the best interests of a child * * *, the court shall consider all relevant factors, including, but not limited to, the following:
 {¶ 22} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 23} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 24} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 25} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 26} "(5) Whether any of the factors in division (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 27} Divisions (E)(7) to (11) of R.C. 2151.414 state as follows:
 {¶ 28} "(7) The parent has been convicted of or pleaded guilty to [certain enumerated offenses] * * *.
 {¶ 29} "(8) The parent has repeatedly withheld medical treatment or food from the child * * *.
 {¶ 30} "(9) The parent has placed the child at substantial risk of harm two or more times due to alcohol or drug abuse and has rejected treatment two or more times or refused to participate in further treatment two or more times after a case plan issued pursuant to section 2151.412 of the Revised Code requiring treatment of the parent was journalized as part of a dispositional order issued with respect to the child or an order was issued by any other court requiring treatment of the parent.
 {¶ 31} "(10) The parent has abandoned the child.
 {¶ 32} "(11) The parent has had parental rights involuntarily terminated * * * with respect to a sibling of the child."
 {¶ 33} The testimony presented, in the case sub judice, demonstrates the trial court's findings are supported by the sufficiency of the evidence and are not against the manifest weight of the evidence. Ms. Sherry Vandeborne, the on-going case worker in this matter, testified that she observed the children with both appellant and their foster placement. During visitation, Selena interacted with appellant; however, Angel was reluctant to do so. Tr. Vol. II at 31. The children have no separation issues when they leave appellant at the conclusion of a visit. Id. Ms. Vandeborne also testified that the children are much more active, in their foster placement, and there is significantly different interaction between Selena and Angel when they are present with appellant as opposed to their foster placement. Id. at 31-32. The children do not interact well with each other during the visits with appellant. Id. at 32.
 {¶ 34} Ms. Vandeborne recommended that permanent custody be granted to SCDJFS and in doing so, stated that the children are well cared for and bonded to each other and their caretakers in foster placement. Id. at 33. Ms. Vandeborne opined that separating the children at this time would not be in their best interests. Id. Ms. Vandeborne further noted that the children have formed a significant bond with the foster placement's biological children with whom they interact well. Id. at 40. Finally, Ms. Vandeborne testified that there is not a strong bond between appellant and her children. Id. at 37.
 {¶ 35} Ms. Tiffany Anton, a therapist from Northeast Ohio Behavioral Health, worked with appellant and the children on a weekly basis since October 2005, a period of approximately six months. Id. at 45. Ms. Anton described appellant's interaction with her children as "* * * very shocking because I was also aware that she [appellant] had been seeing her kids off and on for the past two years that I may have anticipated this reaction if she would have had a two year break from her children * * * and then having discomfort not really knowing them not really knowing what to do versus being able to see them off and on during that two year period." Id. at 46.
 {¶ 36} Ms. Anton stated that although appellant made progress during the seventeen sessions, she must still be prompted to initiate interaction with her children. Id. at 48. Ms. Anton expressed concerns, including appellant's lack of enthusiasm about visiting with her children, lack of energy during the visits, lack of expressing verbal cues to the children and reciprocity. Id. Ms. Anton also testified that on a couple of occasions, Selena has stated, about half an hour into the visit, that she wanted to go home. Id. at 48. Finally, Ms. Anton stated that she observed the children with their foster mother. The children were excited to see their foster mother at the end of their visits with appellant. Id. at 52. They expressed their excitement by hollering "mom" and running over to their foster mother. Id.
 {¶ 37} Based upon this testimony, we conclude there was competent, credible evidence upon which the trial court could find that it was in the children's best interests for permanent custody to be granted to SCDJFS. The trial court's decision is supported by the sufficiency of the evidence.
 {¶ 38} Appellant's Second Assignment of Error is overruled.
 {¶ 39} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.
Costs assessed to Appellant.