[Cite as *In re N.D.*, 2011-Ohio-685.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
|  | : | W. Scott Gwin, P.J. |
|  | : | Sheila G. Farmer, J. |
| N.D. (DOB 08/04/2009) | : | Julie A. Edwards, J. |
|  | : |  |
| MINOR CHILD(REN) | : | Case No. 2010CA00334 |
|  | : |  |
|  | : |  |
|  | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil Appeal from Stark County
Court of Common Pleas, Juvenile
Division, Case No. 2009 JCV 01085

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      February 14, 2011

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant (Mother)

JERRY COLEMAN      CRISTIN ROUSH
Legal Counsel      200 W. Tuscarawas Street
Stark County Department of      Suite 200
Job and Family Services      Canton, Ohio  44702
221 Third Street, S.E.
Canton, Ohio  44702

*Edwards, J.*

{¶1} Appellant, Shinequa Dorsey, appeals a judgment of the Stark County Common Pleas Court, Juvenile Division, awarding permanent custody of her son N.D. to appellee Stark County Department of Job and Family Services (SCDJFS).

STATEMENT OF FACTS AND CASE

{¶2} N.D. was born on August 4, 2009. On August 25, 2009, appellee filed a complaint alleging that N.D. was dependent, neglected, and/or abused. On September 24, 2009, N.D. was found to be dependent and placed in the temporary custody of appellee.

{¶3} A case plan was adopted which required appellant to complete a parenting evaluation at Northeast Behavioral Health, submit to random urine screens, complete an assessment at Quest and assist in establishing paternity. Appellant did not complete the parenting evaluation or establish paternity. Appellant participated in Quest's Deliverance House Program and was stepped down to a day program. However, she was terminated from the program when she attended a meeting while intoxicated. Appellant tested positive for cocaine on January 9, 2010.

{¶4} Until October 3, 2009, appellant participated in weekly visitation. Appellant was arrested on October 3, 2009, and had no visits until January 13, 2010. Appellant was incarcerated during the month of December, 2009. However, she arrived for her January 13, 2010, visit smelling of an overpowering odor of alcohol and the visit only lasted 15 minutes.

{¶5} Appellant was arrested on January 17, 2010, for "cutting" another woman. She was convicted of felonious assault and sentenced to four years incarceration.

{¶6}   On March 16, 2010, appellee filed a motion seeking permanent custody of N.D.  On April 29, 2010, appellee amended the request to a six-month extension of temporary custody in order to explore relative placement.  A second six-month extension of temporary custody was granted by the court on July 16, 2010.

{¶7}   On August 30, 2010, appellee filed a motion for permanent custody of N.D.  A hearing was held on the motion on October 28, 2010.  At the hearing appellant testified that she cut the other woman in self-defense.  She acknowledged past drug and alcohol problems but stated that she was addressing her substance abuse issues while incarcerated.  She also was working on her self-esteem and mental health issues while in prison.  She was studying for her GED and hoped to ultimately attend Stark State to obtain a cosmetology degree.

{¶8}   After the hearing, the court awarded permanent custody of N.D. to appellee.  Appellant assigns two errors:

{¶9}   "I. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT AND SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE PERIOD OF TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{¶10}   "II. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE CHILD WOULD BE SERVED BY GRANTING PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I

{¶11} Appellant argues that the court's finding that the child cannot be placed with her within a reasonable time is against the manifest weight and sufficiency of the evidence.

{¶12} A trial court's decision to grant permanent custody of a child must be supported by clear and convincing evidence. The Ohio Supreme Court has defined "clear and convincing evidence" as "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty, as required beyond a reasonable doubt, as in criminal cases." *Cross v. Ledford* (1954), 161 Ohio St. 469, 120 N.E.2d 118; *In re: Adoption of Holcomb* (1985), 18 Ohio St.3d 361, 481 N.E.2d 613.

{¶13} In reviewing whether the trial court based its decision upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *State v. Schiebel* (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54, 60; See also, *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. If the trial court's judgment is "supported by some competent, credible evidence going to all the essential elements of the case," a reviewing court may not reverse that judgment. *Schiebel,* 55 Ohio St.3d at 74, 564 N.E.2d 54.

{¶14} Moreover, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusion of law." *Id.* Issues relating to the credibility of witnesses

and the weight to be given the evidence are primarily for the trier of fact. As the court explained in *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273:

**{¶15}** "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."

**{¶16}** Moreover, deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well." *Davis v. Flickinger* (1997), 77 Ohio St.3d 415, 419, 674 N.E.2d 1159; see, also, *In re: Christian,* Athens App. No. 04CA10, 2004-Ohio-3146; *In re: C. W.,* Montgomery App. No. 20140, 2004-Ohio-2040.

**{¶17}** Pursuant to 2151.414(B)(1), the court may grant permanent custody of a child to the movant if the court determines "that it is in the best interest of the child to grant permanent custody to the agency that filed the motion for permanent custody and that any of the following apply:

**{¶18}** "(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period, ... and the child cannot be placed with either of the child's parents within a reasonable period of time or should not be placed with the child's parents.

**{¶19}** "(b) The child is abandoned.

{¶20} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

{¶21} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state."

{¶22} Revised Code 2151.414(E) sets forth the factors a trial court must consider in determining whether a child cannot or should not be placed with a parent within a reasonable time. If the court finds, by clear and convincing evidence, the existence of any one of the following factors, "the court shall enter a finding that the child cannot be placed with [the] parent within a reasonable time or should not be placed with either parent":

{¶23} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parent to remedy the problem that initially caused the child to be placed outside the home, the parents have failed continuously and repeatedly to substantially remedy the conditions that caused the child to be placed outside the child's home. In determining whether the parents have substantially remedied the conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents

for the purpose of changing parental conduct to allow them to resume and maintain parental duties, * *

**{¶24}** "(16) Any other factors the court considers relevant."

**{¶25}** A trial court may base its decision that a child cannot or should not be placed with a parent within a reasonable time upon the existence of any one of the R.C. 2151.414(E) factors. The existence of one factor alone will support a finding that the child cannot be placed with the parent within a reasonable time. See *In re: William S.* (1996), 75 Ohio St.3d 95, 661 N.E.2d 738; *In re: Hurlow* (Sept. 21, 1998), Gallia App. No. 98 CA 6, 1998 WL 655414; *In re: Butcher* (Apr. 10, 1991), Athens App. No. 1470, 1991 WL 62145.

**{¶26}** In the case sub judice, the trial court found, pursuant to R.C. 2151.414(B)(1)(d) that the child had been in the temporary custody of the agency for a period of time in excess of twelve of the prior twenty-two consecutive months. The trial court further stated, pursuant to R.C. 2151.414(B)(1)(a), that N.D. could not be placed with either parent within a reasonable time, and that the child was abandoned pursuant to R.C. 2151.414(B)(1)(b). Appellant challenges only the court's finding that the child cannot be placed with her within a reasonable time.

**{¶27}** As findings under R.C. 2151.414(B)(1)(a) and R.C. 2151.414(B)(1)(d) are alternative findings, each is independently sufficient to use as a basis to grant the motion for permanent custody. *In re Langford Children,* Stark App. No. 2004CA00349, 2005-Ohio-2304, at paragraph 17; *In re Dalton*, Tuscarawas App. No. 2007 AP 0041, 2007-Ohio-5805, ¶88. Therefore, because the appellant has not challenged the twelve of twenty-two month finding, we would not need to address the merits of this

assignment of error. We could find it to be moot. But we do find that the court's conclusion that the child cannot be placed with her parents within a reasonable time is supported by the evidence. Appellant failed to complete her case plan. She did not complete her parenting evaluation and terminated from Quest. She tested positive for cocaine. She was incarcerated at the time of the hearing, serving a term of four years. Therefore, she was unavailable to care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing. R.C. 2151.414(E)(2). Appellant has a lengthy criminal history, and her criminal involvement with illegal substances stretches back to 1998. She did not have housing prior to her incarceration and relied on others to provide her with housing. She has not been employed since 2008 and has not been sober since 2007. She had numerous opportunities to engage in treatment for substance abuse but failed to complete the programs offered to her.

{¶28} The first assignment of error is overruled.

II

{¶29} Appellant argues that the court's finding that the best interest of the child would be served by a grant of permanent custody is against the manifest weight and sufficiency of the evidence. Specifically, appellant argues that it was in N.D.'s best interest to award legal custody or temporary placement of the child to Betty Dorsey, appellant's mother.

{¶30} In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the

child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.

{¶31} Lisa Eggenschwiler, the ongoing caseworker for appellee, testified at the best interest portion of the hearing that the child is in a very loving home and is bonded to the foster family, where he has been placed since his removal from appellant's home. The foster family is willing to adopt him.

{¶32} Betty Dorsey testified that she wanted custody of N.D. However, she last saw the child in September or October of 2009. She testified that she lives in a one bedroom apartment and could acquire baby items. She testified that she would sleep on the couch to allow N.D. to have the bedroom, and she believed N.D. should be with family. Although she receives disability payments, she did not believe N.D. would be a financial burden.

{¶33} However, the evidence reflects that while Dorsey was initially considered for custody, she failed the home study based on her criminal history. Since that time, she had a new conviction of a theft offense and had ongoing drug issues for which she was court-ordered into TASK. In 2009, she was involved in a foreclosure action and had previously been evicted.

**{¶34}** The court's finding that permanent custody was in N.D.'s best interest is not against the manifest weight of the evidence.

**{¶35}** The judgment of the Stark County Common Pleas Court, Juvenile Division, is affirmed.

By: Edwards, J.

Gwin, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/r0128

[Cite as *In re N.D.*, 2011-Ohio-685.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| | : | |
| N.D. (DOB 08/04/2009) | : | |
| | : | |
| MINOR CHILD(REN) | : | JUDGMENT ENTRY |
| | : | |
| | : | |
| | : | |
| | : | CASE NO. 2010CA00334 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES