OPINION
{¶ 1} Appellant, Eric J. Economos, appeals from the judgment of the Warren Municipal Court denying his motion to suppress evidence for lack of probable cause to arrest him on the charge of driving under the influence.
 {¶ 2} At 2:45 a.m. on March 9, 2004, appellant was stopped by Trooper Bruce Zuchowski for failure to have his headlights activated. Upon approaching appellant's vehicle, Trooper Zuchowski testified appellant was agitated about being pulled over. The officer informed appellant his lights were not activated which appellant explained was a "manufacturer's defect." During the exchange, the officer noticed a heavy odor of alcohol about appellant's person. Zuchowski also noted appellant's eyes were glassy and appeared dilated and red. Appellant relayed he had just returned from a trip to Las Vegas earlier in the day during which he had consumed alcohol. Appellant also admitted, prior to being stopped, he was at BW3s, a local bar/restaurant, where he had met some friends and consumed three beers.
 {¶ 3} The officer proceeded to administer three standard field sobriety tests: The Horizontal Gaze Nystagmus test (HGN), the One Leg Stand test, and the Walk and Turn test. The officer testified he had received training to administer these tests from the State Patrol Academy in Columbus, Ohio. In Zuchowski's estimation, appellant failed each of the three tests. Zuchowski then placed appellant under arrest for operation of a motor vehicle in violation of R.C. 4511.19. Appellant was transported to the Howland Township Police Station where he consented to provide a breathalyzer test which registered his blood alcohol content at .160. Trooper Zuchowski testified he was a "certified senior operator" of the breathalyzer machine.
 {¶ 4} On March 11, 2004, appellant filed a motion to suppress all evidence. In his motion, appellant argued Trooper Zuchowski lacked probable cause to arrest him for driving under the influence of alcohol. In particular, appellant moved the court to suppress all evidence for (1) lack of probable cause to arrest; (2) failure to administer the field sobriety tests in the manner approved by the "Ohio Department of Health" and case law;[1] and (3) defective and improperly utilized breath testing equipment.
 {¶ 5} On August 20, 2004, a suppression hearing was held during which the officer testified to the above facts. The officer testified, at length, to the method and manner he used to administer the field sobriety tests. The officer also outlined the various indicia of intoxication he looks for when administering the tests. On November 16, 2004, the trial court overruled appellant's motion to suppress; however, the trial court did not rely upon the field sobriety tests or the breathalyzer results. Rather, the court concluded the officer had probable cause to arrest appellant for driving under the influence of alcohol without reference to the test results. Appellant eventually pleaded no contest to the charge and was found guilty.
 {¶ 6} Appellant asserts the following assignment of error for our review:
 {¶ 7} "Does the prosecution in a DUI, ORC Sec. 4511.19 case have the burden of establishing the standards of the three (3) probable cause tests as outlined in the National Highway Traffic Safety Administration (NHTSA) manual in a motion to suppress the evidence hearing."
 {¶ 8} Appellant contends that the state was required to introduce the NHTSA manual to establish the general standards for proper compliance with the field sobriety tests utilized by the arresting officer. Because the state failed to do so, appellant argues the evidence issuing from these tests should have been suppressed.
 {¶ 9} Before we address appellant's assignment of error, it is first necessary to consider whether it sets forth an actual controversy for this court to resolve. If there is no actual controversy, the appeal is moot. State ex rel. Ohio Association of Public Employees, et al. v.Rootstown Local School District Bd. of Edn. (June 25, 1999), 11th Dist. No. 98-P-0057, 1999 Ohio App. LEXIS 2950, at. 9. Appeals are moot when their resolution are purely academic and will have no pragmatic bearing upon the legal relations between the parties. See, e.g., Johnson v. Bureauof Motor Vehicles (Dec. 19, 1991), 8th Dist. No. 59375, 1991 Ohio App. LEXIS 6077, at 9.
 {¶ 10} In denying appellant's motion to suppress, the trial court stated:
 {¶ 11} "This court finds from the testimony presented that Trooper Zuchowski had probable cause to stop Defendant's vehicle due to the fact that is [sic] was after 2 o'clock in the morning and the vehicle was being operated without lights. Second, and independent from the first, the court finds that Trooper Zuchowski had probable cause to believe theoffense of dui was committed prior to conducting the field sobriety andbreathalyzer tests in question.
 {¶ 12} "For the foregoing reasons, Defendant's Motion To Suppress is hereby DENIED." (Emphasis added).
 {¶ 13} The court determined that probable cause to arrest appellant for driving under the influence was present irrespective of the results of the field sobriety tests. In other words, the court determined it did not need the field sobriety test results to support a legal finding of probable cause. Where a trial court makes a valid probable cause determination without recourse to field sobriety tests, the manner and method of administering the tests used by the arresting officer is inconsequential. We therefore decline to address the merits of appellant's appeal.
 {¶ 14} While we acknowledge considering appellant's assigned error may have some impact upon the general legal landscape, our opinion would be merely advisory.
 {¶ 15} "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. * * *" Mills v. Green
(1895), 150 U.S. 651, 653.
 {¶ 16} In essence, appellant's assignment of error asks this court to address an "abstract proposition" which would not affect the legal relations of the parties.
 {¶ 17} Based upon the foregoing, the instant appeal is dismissed as moot.
O'Neill, J., Grendell, J., concur.
[1] Appellant's specific challenge attacked the state's failure to introduce evidence of the standards of compliance as set forth by the NHTSA, not the Ohio Department of Health.