OPINION
{¶ 1} Defendant-appellant, Matthew D. Stone, appeals the judgment of the Portage County Court of Common Pleas, denying his Motion to Suppress. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On December 31, 2005, at approximately 9:17 p.m., Ohio State Highway Patrol Sergeant Brian Holt observed Stone traveling southbound on State Route 43. *Page 2 
Using radar, Sergeant Holt determined Stone to be traveling 57 miles per hour. Sergeant Holt effected a stop of Stone for exceeding the posted speed limit of 45 miles per hour.
 {¶ 3} As a result of the stop, Stone was arrested and charged with Trafficking in Marijuana, a felony of the fifth degree in violation of R.C. 2925.03(A)(2) and (C)(3)(a); Possession of Criminal Tools, a felony of the fifth degree in violation of R.C. 2923.24(A) and (C); and Possession of Cocaine, a felony of the fifth degree in violation of R.C. 2925.11(A) and (C)(4)(a).
 {¶ 4} On May 25, 2006, Stone filed a Motion to Suppress on the grounds that Sergeant Holt lacked probable cause to arrest Stone without warrant, to search Stone's vehicle without warrant, and to obtain statements from Stone without advising him of his Fifth and Sixth Amendment rights.
 {¶ 5} On August 8, 2006, a suppression hearing was held, at which Sergeant Holt testified on behalf of the State. Based on Sergeant Holt's testimony, the trial court made the following findings of fact: "[Sergeant Holt] approached [Stone's] vehicle, asked [Stone] for his license and registration and noticed a very strong odor of raw marijuana. He then asked [Stone] where the marijuana was and indicted he smelled a strong odor of marijuana. [Stone] reached in the center console and handed him what turned out to be a cigar full of marijuana. [Stone] was then patted down and placed in the patrol cruiser. [Sergeant Holt's] backup was called. He then searched the vehicle, finding additional marijuana in the glove compartment. All the marijuana was in sealed containers or plastic bags." *Page 3 
 {¶ 6} On August 22, 2006, the trial court concluded that, "considering the totality of the circumstances, [Sergeant Holt] had sufficient probable cause to search the vehicle" and denied Stone's motion.
 {¶ 7} On January 24, 2007, Stone entered a Written Plea of No Contest to the charges.
 {¶ 8} On May 10, 2007, the trial court sentenced Stone, placing him in the Portage County Adult Probation Department's Intensive Supervision Program for one year and in the Department's General Division of Adult Probation for an additional year, suspending his right to drive for six months, and imposing community control sanctions, which included random substance abuse testing and an order to continue substance abuse and mental health treatment.
 {¶ 9} Stone timely appeals and raises the following assignment of error: "The trial court erred to the prejudice of appellant by overruling his Motion to Suppress."
 {¶ 10} "The trial court acts as trier of fact at a suppression hearing and must weigh the evidence and judge the credibility of the witnesses."Wickliffe v. Kirara, 11th Dist. No. 2006-L-172, 2007-Ohio-2304, at ¶ 14 (citation omitted). "The trial court is best able to decide facts and evaluate the credibility of witnesses. Its findings of fact are to be accepted if they are supported by competent, credible evidence."State v. Mayl, 106 Ohio St.3d 207, 2005-Ohio-4629, at ¶ 41. "Once the appellate court accepts the trial court's factual determinations, the appellate court conducts a de novo review of the trial court's application of the law to these facts." Kirara, 2005-Ohio-1563, at ¶ 14 (citation omitted); Mayl, 2005-Ohio-2304, at ¶ 41 ("we are to independently determine whether [the trial court's factual findings] satisfy the applicable legal standard") (citation omitted). *Page 4 
 {¶ 11} Stone raises two arguments on appeal. The first is that Sergeant Holt "used statements [taken from Stone] prior to the giving of any Miranda warning as the basis to obtain evidence given to [Sergeant Holt] by [Stone]." Here, Stone is referring to Sergeant Holt's asking where the marijuana was and Stone's taking a cigar full of marijuana from the console and giving it to the sergeant. Stone does not contest the validity of the initial stop for speeding, but, rather, Sergeant Holt's right to question him about the presence of marijuana when none was in view.
 {¶ 12} In one of the leading cases on this issue, the Ohio Supreme Court held: "When a police officer's objective justification to continue detention of a person stopped for a traffic violation for the purpose of searching the person's vehicle is not related to the purpose of the original stop, and when that continued detention is not based on any articulable facts giving rise to a suspicion of some illegal activity justifying an extension of the detention, the continued detention to conduct a search constitutes an illegal seizure. " State v.Robinette, 80 Ohio St.3d 234, 1997-Ohio-343, at paragraph one of the syllabus.
 {¶ 13} The Supreme Court qualified its holding, by noting that "police officers, under certain circumstances, may briefly detain an individualwithout reasonably articulable facts giving rise to suspicion ofcriminal activity, if the detention promotes a legitimate public concern, e.g., removing drunk drivers from public roadways or reducing drug trade." Id. at 241 (emphasis added). Applied to the facts ofRobinette, the officer "was justified in briefly detaining Robinette," who had been stopped for speeding, "in order to ask him whether he was carrying any illegal drugs or weapons *Page 5 
pursuant to the drug interdiction policy, because such a policy promotes the public interest in quelling the drug trade." Id.
 {¶ 14} The justification for Sergeant Holt's questioning of Stone in the present case is much stronger than the officer's justification inRobinette. As noted above, the officer in Robinette lacked a "reasonably articulable" foundation for questioning Robinette about contraband, but merely did so as part of a drug interdiction program. In this case, Sergeant Holt testified that, while Stone was producing his license and registration, he could smell a strong odor of "raw marijuana" coming from Stone's vehicle.
 {¶ 15} The Ohio Supreme Court has held that "the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile exception to the warrant requirement. There need be no other tangible evidence to justify a warrantless search of a vehicle."State v. Moore, 90 Ohio St.3d 47, 48, 2000-Ohio-10; State v. Hale, 11th Dist. No. 2004-L-105, 2006-Ohio-133, at ¶ 41 (police officer "had the authority to search [a vehicle stopped for weaving] and inquire further based upon his reasonable suspicion that drug activity was in progress," i.e. "smell of marijuana" coming from the vehicle).
 {¶ 16} Based on the smell of raw marijuana coming from the vehicle, Sergeant Holt was justified, in questioning Stone about marijuana in the vehicle. State v. Farris, 109 Ohio St.3d 519, 2006-Ohio-3255, at ¶ 12
(police officer, who had stopped the defendant for speeding and thereupon detected the scent of burnt marijuana, did not violate the Fourth Amendment by further detaining the defendant to conduct a warrantless search of the vehicle). *Page 6 
 {¶ 17} We now consider whether it was necessary for Sergeant Holt to provide the Miranda warnings to Stone, inasmuch Stone's reply could be self-incriminating.
 {¶ 18} The procedural safeguards set forth in Miranda v. Arizona
(1966), 384 U.S. 436, "become applicable as soon as a suspect's freedom of action is curtailed to a `degree associated with formal arrest.'"Berkemer v. McCarty (1984), 468 U.S. 420, 440, citing California v.Beheler (1983), 463 U.S. 1121, 1125. In Berkemer, the United States Supreme Court held that the roadside questioning of a motorist detained pursuant to a routine traffic stop does not constitute "custodial interrogation" for the purpose of applying the Miranda warnings. Id. ("[t]he * * * noncoercive aspect of ordinary traffic stops prompts us to hold that persons temporarily detained pursuant to such stops are not `in custody' for the purposes of Miranda"). However, "[i]f a motorist who has been detained pursuant to a traffic stop thereafter is subjected to treatment that renders him `in custody' for practical purposes, he will be entitled to the full panoply of protections prescribed byMiranda." Id.
 {¶ 19} In the present case, Stone was not "in custody" for practical purposes when asked about the marijuana. Sergeant Holt posed the question in the course of checking Stone's license and registration for the speeding violation. Stone was still seated in his own vehicle. Sergeant Holt had not given Stone any indication that he was under arrest, under compulsion to answer the question, or not free to leave. Thus, the Miranda warnings were not necessary at this point in the investigation. Id. at 442 (police officer who asked a motorist "a modest number of questions" and requested him to perform a field sobriety test was not required to give the Miranda warnings); Fairview Park v.Hejnal, 1995 Ohio App. LEXIS 116, at *5 (police officer who questioned a *Page 7 
motorist about drinking while the motorist was seated in his own vehicle was not required to give the Miranda warnings); cf. Farris,2006-Ohio-3255, at ¶ 14 (where the police officer took a motorist's keys, patted him down, and placed him in the police cruiser, the motorist was "in custody" for the purpose of giving the Miranda warnings); State v. Steerman, 11th Dist. No. 2007-A-0054,2008-Ohio-1691, at ¶¶ 53-54 (where the police officer required the motorist to remain in the backseat of a police cruiser for over forty minutes while officers investigated an accident scene, the motorist was "in custody" for the purpose of giving the Miranda warnings).
 {¶ 20} Stone's second argument is that Sergeant Holt did not have "probable cause to extend his search to the trunk of the vehicle * * * where the sealed film canister containing cocaine was found."
 {¶ 21} The United States Supreme Court has long recognized an "automobile exception" to the Fourth Amendment's requirement that police officers must generally obtain a warrant before conducting a search.California v. Carney (1985), 471 U.S. 386, 390, citing Carroll v. UnitedStates (1925), 267 U.S. 132, 153. Where probable cause exists to search a vehicle, "a search is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not been actually obtained." United States v. Ross (1982), 456 U.S. 798, 809. Under the automobile exception, there is no need to demonstrate that a "separate exigency" exists to justify the search. Maryland v. Dyson
(1999), 527 U.S. 465, 466. "If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more."Pennsylvania v. Labron (1996), 518 U.S. 938, 940, citingCarney, 471 U.S. at 393. *Page 8 
 {¶ 22} "Where police officers have probable cause to search an entire vehicle, they may conduct a warrantless search of every part of the vehicle and its contents, including all movable containers and packages, that may logically conceal the object of the search." State v.Welch (1985), 18 Ohio St.3d 88, at syllabus, following Ross,456 U.S. 798.
 {¶ 23} Stone relies upon the Ohio Supreme Court's decision inFarris, where it was held that "[a] trunk and a passenger compartment of an automobile are subject to different standards of probable cause to conduct searches." 2006-Ohio-3255, at ¶ 51.[1] The court concluded, under the facts of that case, "[t]he odor of burnt marijuana in the passenger compartment of a vehicle does not, standing alone, establish probable cause for a warrantless search of the trunk of the vehicle." Id. at ¶ 52. In particular, the court noted that the "officer detected only a light odor of marijuana, and the troopers found no other contraband within the passenger compartment." Id.
 {¶ 24} The present case is factually distinguishable fromFarris. While the officer in Farris only detected a "light odor of burnt marijuana," id. at ¶ 1, Sergeant Holt testified to the "very strong" odor of raw marijuana. Sergeant Holt also had physical evidence of marijuana in Stone's possession, i.e. the cigar filled with marijuana.
 {¶ 25} At this point, Sergeant Holt had, at the least, probable cause to search the interior of Stone's vehicle. In the unlocked glove compartment of the vehicle, he found seven two-gram baggies of marijuana enclosed in a single sandwich bag, five four-gram *Page 9 
baggies of marijuana enclosed in another sandwich bag, a small wooden box containing loose marijuana, and a drug pipe. On the back seat was a digital scale with marijuana residue on it. Underneath the driver's seat was a box of sandwich bags.
 {¶ 26} In Farris, the officers found no evidence of contraband in the vehicle's interior. When they searched the trunk they had no solid evidence that a crime had been committed, only a reasonable suspicion of misdemeanor drug use based on the light odor of marijuana. In the present case, Sergeant Holt had obtained enough physical evidence from the vehicle's interior to charge Stone with felony drug trafficking. The scale and baggies of marijuana prepared for sale found in the interior of the vehicle distinguish this case from Farris and, had a warrant been sought, would have provided sufficient grounds for issuing a warrant to search the whole vehicle for further evidence of contraband.Ross, 456 U.S. at 825 ("if probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search");United States v. Moxley (C.A.6 2000), No. 99-3453, 2000 U.S. App. LEXIS 22215, at *7 ("marijuana residue" found in a vehicle's interior "was sufficient to establish not just reasonable suspicion, but probable cause to detain the suspect and to conduct a full search of his car");United States v. Burnett (C.A.6 1986), 791 F.2d 64, 67 ("[o]nce the contraband was found [inside the vehicle], [the officer] had every right to search the passenger area of the car, the trunk, and any and all containers which might conceal contraband").
 {¶ 27} Thus, there was probable cause for Sergeant Holt to extend the search to include the trunk of the vehicle and its contents. State v.Beaver, 8th Dist. No. 88513, 2007-Ohio-2915, at ¶ 12 ("[o]nce the officer found contraband [in the passenger *Page 10 
compartment], he had probable cause to search the trunk"); State v.Pirpich, 12th Dist. No. CA2006-07-083, 2007-Ohio-6745, at ¶ 11 (the presence of large amounts of Sudafed in the glove compartment justified the warrantless search of the "entire vehicle," since "probable cause [existed] that other contraband could be found in the vehicle");State v. Greenwood, 2nd Dist. No. 19820, 2004-Ohio-2737, at ¶ 11
("observation of marijuana on the passenger seat and floorboard gave [the officer] probable cause to believe that the vehicle contained contraband," and thus, "he was entitled to search the entire vehicle, including the trunk and its contents") (citation omitted).
 {¶ 28} Stone's sole assignment of error is without merit.
 {¶ 29} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas, denying Stone's Motion to Suppress, is affirmed. Costs to be taxed against appellant.
MARY JANE TRAPP, J., TIMOTHY P. CANNON, J.,
[1] The Ohio Supreme Court cited to the holding of State v.Murrell, 94 Ohio St.3d 489, 2002-Ohio-1483: "When a police officer has made a lawful custodial arrest of the occupant of an automobile, the officer may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." Farris, 2006-Ohio-2355, at ¶ 51, citing Murrell, 2002-Ohio-1483, at syllabus. The court inFarris noted that the language limiting the scope of the search to the passenger compartment was "conspicuous." Id. *Page 1