OPINION *Page 2 
{¶ 1} Defendant-appellant Patrick White appeals the decision of Mahoning County Court No. 3 from his conviction for R.C. 4511.19(A)(1), driving under the influence of alcohol, drugs or combination of both, a first degree misdemeanor. The issues raised in this appeal are whether there was sufficient evidence to support the conviction and whether the conviction is against the manifest weight of the evidence. For the reasons expressed below, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS {¶ 2} On the evening of August 31, 2005, White was involved in a one car accident in Mahoning County, Ohio. (Tr. 3, 27, 44). Leana and Tom Woolf witnessed the accident and called 911. (Tr. 3, 17). An ambulance was the first to arrive on the scene and transported White to St. Elizabeth's Hospital. White sustained a concussion, fractured vertebrae and neck and facial injuries. (Tr. 44-45).
 {¶ 3} At the hospital, Sergeant Richard Brown from the State Highway Patrol, the investigating officer, interviewed White and administered the Horizontal Gaze Nystagmus (HGN) Test. (Tr. 31). White failed the test. (Tr. 32). This test was the only field sobriety test given.
 {¶ 4} As a result of the accident and investigation, White was charged with driving while under the influence of alcohol, drugs or a combination of both, a violation of R.C. 4511.19(A)(1), a first degree misdemeanor; and failure to control, a violation of R.C. 4511.202, a minor misdemeanor. On October 31, 2006, the case proceeded to a bench trial. The trial court found him guilty of both charges.[1] 11/28/06 J.E. Sentencing occurred on January 16, 2007. For the R.C. 4511.19(A)(1) conviction, driving under the influence, White received a 180 day sentence with 175 days suspended. The trial court ordered three of the remaining five days to be served in a Driver's Intervention Program (D.I.P.); the remaining two days were ordered to be served in the Mahoning County Jail. White's driver's license was suspended for 180 days, he received 12 *Page 3 
months of probation, and was fined $350 plus costs. For the R.C. 4511.202 conviction, failure to control, White was fined $75 plus costs.
 ASSIGNMENT OF ERROR {¶ 5} "THE TRIAL COURT ERRED IN FINDING DEFENDANT GUILTY OF REVISED CODE 4511.19(A)(3) [SIC] BASED UPON THE WEIGHT OF THE EVIDENCE. THE WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL IS NOT SUFFICIENT TO PROVE DEFENDANT'S GUILT OF REVISED CODE 4511.19(A)(3) [SIC] WHEN THE EVIDENCE FAILED TO SHOW THAT APPELLANT'S FACULTIES WERE APPRECIABLE IMPAIRED BY THE CONSUMPTION OF ALCOHOL BEYOND A REASONABLE DOUBT."
 {¶ 6} White's arguments under the assignment of error reference both sufficiency of the evidence and manifest weight of the evidence. The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, paragraph two of the syllabus.
 {¶ 7} When an appellate court reviews a record upon a sufficiency challenge, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Leonard, 104 Ohio St.3d 54, 67,2004-Ohio-6235, ¶ 77, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. In a sufficiency of the evidence review, an appellate court does not engage in a determination of witness credibility; instead, it assumes the state's witnesses testified truthfully and determines whether or not that testimony satisfies each element of the crime. State v. Woodward, 10th Dist. No. 03AP-398,2004-Ohio-4418, at ¶ 16.
 {¶ 8} However, under a manifest weight standard, the appellate court, "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which *Page 4 
the evidence weighs heavily against conviction." Thompkins,78 Ohio St.3d at 387, 1997-Ohio-52, quoting State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 9} In this appeal, White contends that his conviction for driving under the influence was not supported by sufficient evidence and/or was against the manifest weight of the evidence. R.C. 4511.19(A)(1)(a) states:
 {¶ 10} "No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:
 {¶ 11} "(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them."
 {¶ 12} We have previously stated:
 {¶ 13} "To prove that a defendant violated this section, the state need not establish a threshold level of alcohol concentration in the defendant's body. State v. Lowman (1992), 82 Ohio App.3d 831, 836. However, the state must prove that the defendant operated a vehicle `when his faculties were appreciably impaired by the consumption of alcohol.' Id. The amount of alcohol in the defendant's body is secondary to the defendant's behavior. Newark [v. Lucas (1988),40 Ohio St.3d 100]." State v. Crites, 7th Dist. No. 99-518-CA, 2000-Ohio-2665.
 {¶ 14} At trial Leana and Tom Woolf, the two eyewitnesses, testified that they observed the one car accident. They stated that White was traveling at a high rate of speed and was unable to negotiate the S curve; his car hit the ditch and flipped over a couple times. Both Woolfs indicated that upon approaching the vehicle, they noticed a strong odor of alcohol. (Tr. 9, 18). However, they both acknowledged that they did not disclose this observation to the investigating officer, Sergeant Brown, nor did they state this in their written witness statement. (Tr. 14, 25).
 {¶ 15} Sergeant Brown testified that when he interviewed White in the hospital, he noticed a strong odor of alcohol and that White's eyes were beyond bloodshot, they were red. (Tr. 30, 34). Furthermore, White admitted during the interview that he had "one or two drinks, a screw driver or something" and took one Lorazepam pill, a drug for treating anxiety. (Tr. 33, 44, 47). *Page 5 
 {¶ 16} As to field sobriety tests, Sergeant Brown administered the HGN test. White displayed six out of six clues; thus, he failed the test. (Tr. 32). However, that was the only field sobriety test performed on White because he was lying on a gurney.
 {¶ 17} Sergeant Brown admitted on cross-examination that a head injury might affect an offender's ability to track the prompt on the HGN test. (Tr. 38). He further admitted that he was not able to determine whether or not White had any head injury and he did not ask any medical personnel whether White had a head injury. (Tr. 38-39).
 {¶ 18} White argues that a conviction based on the above testimony is both insufficient and against the manifest weight of the evidence. He contends the HGN test is suspect because of his head injuries. Thus, he contends that the only other traditional indicia of intoxication that was admitted into evidence was the odor of alcohol.
 {¶ 19} We find no merit with this argument. Admittedly, performing an HGN test on an individual with a head injury could possibly affect the reliability of the test. The Eleventh District has twice indicated that sentiment. Wickliffe v. Dust, 11th Dist No. 2005-L-129, 2006-Ohio-2017, ¶ 14;State v. Bokesch, 11th Dist. No. 2001-P-0026, 2002-Ohio-2118. However, without more in the record, it is pure speculation that it impacted the results. There was no testimony from any qualified individual that the HGN test was affected by the head injury. Rather, Sergeant Brown testified that White was not delirious and that he would have noticed an injury if White had a severe concussion. (Tr. 36, 38-39). Sergeant Brown is insinuating that there was no indication to him that White's condition would impact the HGN test.
 {¶ 20} Furthermore, typically any argument regarding the reliability of the HGN test on a person with a head injury is made through a suppression motion attacking the admissibility of the results.Wickliffe, 11th Dist No. 2005-L-129, 2006-Ohio-2017, ¶ 14;Bokesch, 11th Dist. No. 2001-P-0026, 2002-Ohio-2118. Here, White did not move to suppress the results of the HGN test, nor did he object to the testimony at trial. Thus, he has waived any argument regarding the admissibility of the test results. *Page 6 
 {¶ 21} Consequently, the trial court was permitted to consider the HGN test results. As such, when the above testimony and evidence is viewed in the light most favorable to the prosecution, there was sufficient evidence presented at trial. White was the driver of the car that wrecked. An eyewitness noticed the car weave off the road and fail to negotiate the S curve. Both eyewitnesses and the investigating officer noticed an odor of alcohol. Additionally, White admitted to drinking one or two drinks and taking prescription medicine. Likewise, he failed the HGN test. Furthermore, when weighing the evidence, we cannot find that the trial court clearly lost its way when it convicted White of the crime charged. This assignment of error lacks merit.
 {¶ 22} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
DeGenaro, P.J., concurs.
Donofrio, J., concurs.
[1] It is noted that in this same lower court case number, White was charged with R.C. 4511.19 (A)(2), driving under the influence of alcohol with a prohibited blood alcohol level for a ticket issued on September 21, 2005. However, that charge was dismissed because the blood test was not performed by a certified lab. 01/23/07 J.E. nunc pro tunc to 01/16/07. *Page 1